IN THE MATTER OF R. EDWARD KLAISZ, Jr., MUNICIPAL MAGISTRATE OF EAST GREENWICH TOWNSHIP, RESPONDENT.

Argued June 6, 1955—Decided June 6, 1955.

*Mr. E. Milton Hannold,* as Chairman of the Ethics and Grievance Committee of Gloucester County, argued for the order.

*Mr. A. Millard Taylor* argued for the respondent.

The opinion of the court was delivered by

VANDERBILT, C. J. As a result of complaints made to the court, proceedings were commenced against the respondent, an attorney-at-law of this State since 1940, for acting as the

municipal attorney and practicing before the governing body of East Greenwich Township while serving as its municipal magistrate.

The respondent was appointed solicitor of the township in January 1950 and its municipal magistrate in June of that year. He is still its municipal magistrate. He was reappointed as solicitor of the township in 1951 and again in 1952. He did not resign as township solicitor until January 27, 1953, well over a year after *Rule* 1:7–7(d) became effective on January 1, 1952. That rule provided:

"No attorney shall hold the offices of both magistrate and municipal attorney in the same municipality."

Since then the township has not elected another solicitor, but the respondent's name appears in that capacity in the official directory of Gloucester County from 1950 to 1955. According to the respondent this was without his knowledge.

1. Part of the complaint is directed to violations of *R. R.* 1:26–5(a), effective September 9, 1953:

"An attorney shall not serve as a municipal attorney in any municipality in which he is a magistrate or acting magistrate."

On this point the respondent in his answering affidavit admits that:

"In 1955 at the request of the Chairman of the East Greenwich Township Committee, as a personal favor I drew a resolution declaring a state of emergency with respect to a water situation, and a resolution awarding a contract to a drilling company for the drilling of a municipal well, which resolution was contested in the Superior Court of New Jersey and subsequently declared invalid. I signed the answer to said proceeding, but advised the Township Committee that other counsel was essential, and accordingly the actual trial was handled by Carl Kisselman, Esquire, of Camden who prepared all pleadings and other papers. I did not participate therein."

From an inspection of the papers in the suit referred to in the affidavit it appears that the respondent acknowledged service as attorney not only for East Greenwich Township

but also for the three individual township committeemen. Though the trial was conducted by counsel for Layne-New York Company, Inc., the remaining defendant, the order granting *ad interim* restraint and the final judgment both refer to the respondent as the "attorney for the other defendants."

2. The next ground of complaint is concerning the respondent's services to the planning board of the township in connection with the preparation of a zoning ordinance for a retainer of $500. This work is described by the respondent in his answering affidavit herein as follows:

> "Early in 1954 the East Greenwich Township Committee determined that a zoning ordinance was necessary, and appointed a Planning Board of nine members and appropriated funds for their work. At the initial meeting of the Planning Board, it employed me as its legal counsel. After land use surveys were made, I assisted the Planning Board in the drafting of a proposed zoning ordinance, assembling similar ordinances from other communities for study by the Planning Board. A public hearing was held by the Planning Board at which time several amendments were proposed. A subsequent hearing was held at which no further suggestions or amendments were presented, and I prepared a final draft of the proposed zoning ordinance."

Under the rules of court as they then stood there was nothing objectionable in this conduct, although there will be under an amendment of the rules about to be promulgated.

3. But the respondent did not stop merely with preparing the zoning ordinance for the planning board. He appeared before the township committee at the hearings when the zoning ordinance was under consideration and answered questions raised by citizens concerning the zoning ordinance. This was in violation of *R. R.* 1 :26–5(*b*) :

> "An attorney shall not practice before the governing body, or any official, or any official board or agency of a municipality in which he is serving as a magistrate or acting magistrate."

We cannot accept as showing compliance with this rule the statement in his affidavit that

"Only three persons asked any questions about the zoning ordinance, and most of the questions were answered by the Committee. Any statement or explanation made by me was by reason of my appointment by the Planning Board and not by the Township Committee."

Nor can his habit of giving advice to the township committee after the sessions of his court were over be countenanced.

"If the Township Committee meeting is still in progress, as a matter of public interest I attend as a spectator in no official capacity. * * *

At the meetings referred to, any incidental questions relating to the water situation or to the zoning ordinance were probably referred to me by members of the Township Committee because I was the only attorney in the room, and was generally familiar with these subjects."

Even though rendered gratuitously, his services were, in fact, a violation of *R. R.* 1:26–5(*a*). The municipal court as an institution has made remarkable strides in the last seven years in earning the respect of the people in this State and as a result it has been entrusted with greatly enlarged jurisdiction not accorded to the justices of the peace, the police courts and other predecessor courts. *N. J. S. A. Title 2A, chapter* 8. This has been due in large part to the fact that the municipal magistrates have under the rules of court hereinabove cited preserved their independence of all other branches of the municipal government.

While the respondent's action may not have been actuated by any desire for personal gain, or the product of deliberate disregard of the rules of court, as claimed by the respondent, but rather resulted from an attempt to do favors for the members of the governing body which appointed him to his judicial position, nevertheless, the lack of evil intent on his part does not excuse his violation of the rules of court cited herein. The efficiency of the municipal courts and the respect in which they are held by the public depend so largely on full compliance with these rules that no deviation from full compliance therewith can be tolerated. For these reasons the

respondent's conduct in the matters before us must accordingly be censured.

*For censure*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, BURLING, JACOBS and BRENNAN—6.

*Opposed*—None.