284 N.J. Super. 365 (1995)
665 A.2d 408
THOMAS P. CALLIGY, PLAINTIFF,
v.
THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, DEFENDANT.
Superior Court of New Jersey, Law Division Hudson County.
Decided June 23, 1995.
*366 Thomas P. Calligy, Attorney, Pro Se.
*367 David F. Corrigan for defendant (Murray, Murray & Corrigan, attorneys).
D'ITALIA, A.J.S.C.
This is a taxpayer action challenging an ordinance of the City of Hoboken that creates the offices of municipal court judge and additional municipal court judge "in the Department of Administration" of City government. Plaintiff argues that the assignment of the municipal court to a department of municipal government, a practice which has existed in Hoboken under various ordinances since at least 1959, violates the separation of powers doctrine. This matter is before the court on cross-motions for summary judgment.
The amended sections of the Hoboken Code about which complaint is made provide in pertinent part:[1]
Sec. 4-22. Municipal Court Judge.
There is hereby created in the Department of Administration the office of Municipal Court Judge, who shall be responsible for all judicial and administrative functions of the Municipal Court.
Sec. 4-23. Additional Municipal Court Judge.
There is hereby created in the Department of Administration the position of Additional Municipal Court Judge assigned to the Municipal Court, who shall be an attorney at law of the State of New Jersey.
The City asserts that N.J.S.A. 40:69A-43 requires the municipal court be assigned to a department. This statute, part of the Faulkner Act, provides, among other things:
(a) The municipality shall have a department of administration and such other departments, not less than two and not exceeding nine in number, as council may establish by ordinance. All of the administrative functions, powers and duties of the municipality, other than those vested in the offices of the municipal clerk and the municipal tax assessor, shall be allocated and assigned among and within such departments.
The City's reliance on the cited statute is misplaced. The statute addresses only the allocation of the administrative functions, *368 powers and duties of municipal government. It does not at all encompass the judicial functions, powers and duties of the municipal court which exist wholly apart from and independent of the municipal governing body.
The municipal court is an integral part of a state-wide judicial system and the judicial power exercised by municipal court judges is the judicial power of the State. Kagan v. Caroselli, 30 N.J. 371, 377, 153 A.2d 17 (1959). As Chief Justice Weintraub pointed out in Kagan:
The Constitution provides [that] "[t]he judicial power shall be vested in a Supreme Court, a Superior Court, County Courts and inferior courts of limited jurisdiction." Art. VI, Sec. I, par. 1. The Municipal Court, as an inferior court of limited jurisdiction, shares in this single power.
[Ibid]
The dispute in Kagan involved competing claims to the office of magistrate (now office of the municipal court judge) in Jersey City. The City was governed by a Board of Commissioners, pursuant to the Walsh Act, N.J.S.A. 40:72-1 to 19. Plaintiff relied on appointment by action of the Board of Commissioners and defendant claimed appointment through the Director of Public Safety to whose department the office of magistrate had been assigned at the organization meeting. The Walsh Act has a provision somewhat similar to the Faulkner Act that requires the Board to distribute the executive, administrative, judicial and legislative powers among departments. N.J.S.A. 40:72-4.
In ruling that the Board of Commissioners was the appointing authority, the Supreme Court differentiated between the judicial power of the office of magistrate and the judicial authority exercised by a department director incidental to its internal and administrative functions. The latter authority is a prerogative of local government required to be allocated by the Walsh Act; the former is not. The Court's articulation of the independence of the municipal court from administrative control by local government applies equally to Faulkner Act municipalities and bears repeating:

*369 The powers and duties of the office of magistrate are not appropriate to any of the departments of local government. Indeed, they are not appropriate to the board of commissioners itself. The Constitution places the administrative control of the municipal court in the Supreme Court and the Chief Justice. Art. VI, Sec. 2, par. 3; Art. VI, Sec. 7, par. 1. There is no room for divided authority. The constitutional plan assures to the magistrate independence of local government and the 1948 statute was designed to preserve it. See In re Klaisz, 19 N.J. 145, 148 [115 A.2d 537] (1955).
The appointive power was not given to local government because it is inherently appropriate to place it there ... The legislative decision in the 1948 statute to repose the power in the governing body was, wisely or not, a concession to those who thought a voice in the matter should be given to the municipalities. But the power to appoint did not make the functions of a magistrate a phase of local government. Rather, in exercising the appointive power, the governing body acts merely as a statutory agent.
[Kagan, supra, 30 N.J. at 379, 153 A.2d 17]
Thus, in Kagan the Court settled both that municipalities possess no judicial power distributable to their departments and that administrative control of the municipal courts rests in the Supreme Court. The Court has remained consistent in reading and interpreting the New Jersey Constitution as leaving:
not the slightest doubt that [the] Court possesses plenary authority with respect to all matters touching the administration of the court system of New Jersey. Upon it also rests the concomitant responsibility to see that the public interest is fully served by the proper functioning of this vital branch of our government.
[Passaic County Probation Officers Ass'n v. County of Passaic, 73 N.J. 247, 252-53, 374 A.2d 449 (1977)]
In exercising its rulemaking authority, the Court has determined that the Chief Justice shall be responsible for the administration of all courts in this State, R.1:33-1; has directed the Chief Justice to designate an Assignment Judge for each vicinage, R.1:33-2; and has determined that "the Assignment Judge shall be the chief judicial officer within the vicinage and shall have plenary responsibility for the administration of all courts therein, subject to the direction of the Chief Justice and the Rules of the Supreme Court." R.1:33-4. These rules are applicable to the municipal courts. R.1:1-1.
The municipalities are not, however, without duties, functions and responsibilities with respect to the municipal courts. For example, every municipality is required to establish a municipal *370 court or enter into an agreement with another municipality for a joint municipal court. N.J.S.A. 2B:12-1. If the court is created by a single municipality, it shall be known as the municipal court of that municipality and shall be so designated in the ordinance establishing the court. N.J.S.A. 2B:12-2. The municipal court judge shall be appointed by the governing body of the municipality except in the mayor-council form of government, in which the municipal court judge shall be appointed by the mayor with the advice and consent of the council. N.J.S.A. 2B:12-4. In exercising the appointive power, the mayor or governing body acts merely as a statutory agent. In addition, the municipality is required to "provide for an administrator and other necessary employees for the municipal court and for their compensation," N.J.S.A. 2B:12-10, and must furnish suitable courtrooms, chambers, offices, equipment and supplies for the municipal court, its administrator's office and its violations bureau. N.J.S.A. 2B:12-15.
Thus, although the judicial functions, powers and duties of the municipal court are wholly independent of municipal authority and control and the municipality may likewise exercise no administrative authority over the courts, municipal government plays a vital supportive role by providing a variety of services and resources that make municipal court operations possible. The municipality must provide the facilities within which the court operates, its human resources, and the supplies and equipment without which the court could not function. The requirement that the municipality discharge its responsibilities to the municipal court in an orderly manner necessarily implies cooperation by the municipal court with those processes.
In Knight v. Margate, 86 N.J. 374, 390-91, 431 A.2d 833 (1981), the Supreme Court, while affirming its absolute authority to make rules governing the administration of all courts in this State, stated that it "has the authority, reasonably to be implied under the twin principles of the separation and interdependence of government powers, to permit or accommodate the lawful and reasonable exercise of the powers of other branches of government *371 even as that might impinge upon the Court's constitutional concerns in the judicial area." Likewise, in CWA Local 1044 v. Chief Justice, 118 N.J. 495, 501, 572 A.2d 613 (1990), the Court acknowledged that even "when a statute has an impact on our administration," it is the Court's policy as a matter of comity and respect for other branches of government to "follow it unless it interferes with the effective functioning of the courts."
It is in that spirit, and in the absence of any rule from the Supreme Court requiring otherwise, that municipal courts, under the superintendence of assignment judges, adhere to the legitimate requirements of local governments incident to the discharge by the latter of their responsibilities to provide the physical and human resource required by the municipal courts. Where the Supreme Court acts, however, its rules supplant local policy.
Bearing the foregoing in mind, it is apparent that the ordinance and, indeed, other provisions of the Hoboken Code that purport to create the office of the municipal court "in the department of administration," are inconsistent with that court's independence. It is not for the municipality to confer upon the municipal court judge the responsibility "for all judicial and administrative functions of the municipal court." That responsibility is conferred by New Jersey's Constitution, Legislature, and Supreme Court. Although the City is quick to point out that there is no allegation in this matter that it has ever sought to interfere with the independence of the court, placement of the municipal court within the department of administration appears to subject that court to the authority of the business administrator who is the director and head of that department.[2]
*372 The authority conferred by the ordinance is inconsistent with both the fact and appearance of judicial independence required by law. It is held, therefore, that the questioned sections of the ordinance are ultra vires the municipal government insofar as they purport to assign the power, function and duties of the office of the municipal court judge to a municipal department, and insofar as they purport to empower the municipal court judge with powers the office already possesses.
Two remaining issues need to be addressed. Defendant argues that this action is barred by the forty-five day time limitation of R.4:69-6(a) and, also, that plaintiff is precluded from appearing pro se in this matter. Both contentions are rejected. While actions in lieu of prerogative writs are subject to the forty-five day limitation, the limitation may be enlarged under R.4:69-6(c) where "it is manifest that the interest of justice so requires." Cases, such as the instant matter, which involve important and novel constitutional issues or issues of important public interest, long have been afforded the benefit of such enlargement of time. See Brunetti v. Borough of New Milford, 68 N.J. 576, 586, 350 A.2d 19 (1975).
Likewise, the City's argument that the plaintiff's former position as an assistant city attorney for Hoboken precludes him from appearing pro se in this matter also lacks merit. Neither of the Rules of Professional Conduct cited by defendant imposes such a restriction. While RPC 1.9 prohibits attorneys from representing clients in matters in which former clients have materially adverse interests, and RPC 1.11 precludes former government attorneys from becoming involved in matters with which they were previously connected, neither of these sections, or any other section, precludes an attorney from bringing a taxpayer action on his own behalf.
Accordingly, defendant's motion for judgment dismissing the complaint is denied and plaintiff's cross-motion for summary judgment declaring invalid those sections of the municipal code which *373 purport to allocate the office of municipal court judge to the department of administration is granted.
NOTES
[1] In addition, § 4-21 states that "[a] municipal court for the City of Hoboken ... is assigned to the Department of Administration."
[2] Section 4-6 of the Hoboken ordinance provides that the business administrator "shall be the director and head of the department of administration and, under the direction and supervision of the mayor, shall supervise the organization of the department." His duties include the formation and adoption of rules for the efficient administration of the department and its offices and employees.